UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gamada A. Hussein, | File No. 19-cv-2469 (ECT/BRT) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Department of Employment & Economic Development; Steve Grove, DEED Commission; and John Does, | |
| Defendants. | |

---

Plaintiff Gamada A. Hussein commenced this action on September 9, 2019 by filing a four-count Complaint against the Department of Employment & Economic Development ("DEED"), Steve Grove, DEED's Commissioner, and an unknown number of John Does. *See generally* Compl. [ECF No. 1]. DEED and Grove moved to dismiss, arguing that the Court lacks subject-matter jurisdiction over some aspects of the claims and that in all other respects the claims should be dismissed under the doctrine of qualified immunity or for failing to state a legally cognizable claim. Mot. [ECF No. 5]; *see also generally* Mem. in Supp. [ECF No. 6]. Defendants' motion will be granted.

I

The factual allegations in this Complaint bear a striking similarity to those alleged in numerous other filings in this District. *See generally* Hussein v. Barr et al., 19-cv-292 (JRT/HB) at 2–3, 6–7 (D. Minn.) (collecting cases). Here, Hussein alleges that DEED denied him unemployment benefits in order to help various law-enforcement entities—the

Central Intelligence Agency, Federal Bureau of Investigation, police, sheriffs, state troopers, and others—commit wrongful acts against Hussein, including mind control, torture, discrimination, and assault. *See* Compl. at 1. He brings four claims, which are not numbered sequentially, as follows: Claim III alleges discrimination under 42 U.S.C. § 1981 and the Fourteenth Amendment; Claim IV alleges violations of both 42 U.S.C. § 1983 and of Title VII of the 1964 Civil Rights Act; Claim X alleges defamation; and Claim XI alleges intentional infliction of emotional distress. All claims appear to be brought against all Defendants.

Shortly after Hussein commenced this action, Chief Judge John R. Tunheim issued an order in another of Hussein's cases placing Hussein on the District's list of restricted filers, and "requir[ing] that Hussein obtain permission from the District of Minnesota before filing any other actions in this District based on the same or similar allegations as those in this action." Order, *Hussein v. Barr et al.*, 19-cv-292 (JRT/HB), at 7 (D. Minn. Sept. 18, 2019). Because the allegations in *Hussein v. Barr* are similar to those in this action, he is not permitted to respond to Defendants' motion to dismiss without prior approval from the Court. Hussein has provided the Court with his proposed response, which is two-and-a-half pages long and does not substantively engage the issues raised in Defendants' motion. The Court will not authorize it to be filed and instead will take the unusual step of deciding the motion based solely on the Defendants' briefing and on the Complaint itself.

## II

### A

Defendants move to dismiss under both Rule 12(b)(1), for lack of subject-matter jurisdiction, and Rule 12(b)(6), for failing to state a claim upon which relief can be granted.

A court reviewing a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) must first determine whether the movant is making a "facial" attack or a "factual" attack. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). Here, Defendants make a facial attack to subject-matter jurisdiction because it accepts as true all of Hussein's factual allegations relevant to jurisdiction. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). A court analyzing a facial attack "restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.

B

Federal courts are without subject-matter jurisdiction to adjudicate claims against defendants who have Eleventh Amendment immunity. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999). Defendants argue that Hussein's claims against DEED, and those against Grove in his official capacity,[1] should be dismissed for lack of subject-matter jurisdiction because they are barred by Eleventh Amendment sovereign immunity. Mem. in Supp. at 4. The Eleventh Amendment generally bars official-capacity suits against a state, unless that immunity has been waived by the state or abrogated by Congress. *Alsbrook*, 184 F.3d at 1005. An agency of the state, such as DEED, is entitled to the same Eleventh Amendment immunity. *Grant v. City of Blytheville*, 841 F.3d 767, 722 n.3 (8th Cir. 2016). But "[t]he Eleventh Amendment does not bar official-capacity claims for injunctive relief against state officials," it only bars official-capacity claims for damages. *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) (citing *Ex Parte Young*, 209 U.S. 123 (1908)).

As an initial matter, only Hussein's constitutional and common-law tort claims, and not his Title VII claim, are potentially affected by Defendants' Eleventh Amendment arguments. Defendants do not mention Hussein's Title VII claim, which he has combined with his § 1983 claim, *see* Compl. ¶¶ 20–26, but Congress has validly abrogated states' Eleventh Amendment immunity for claims arising under Title VII. *Okruhlik v. Univ. of*

---

[1] "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "As such, it is no different from a suit against the State itself." *Id.*

*Ark.*, 255 F.3d 615, 623 (8th Cir. 2001). Defendants are correct, however, that the Eleventh Amendment generally bars suits in federal courts against the State of Minnesota or individuals acting in their official capacities when those claims arise under §§ 1981 or 1983, *see Stahl Const. Co. v. State of Minn.*, Civ. No. 03–3104 JRTJSM, 2004 WL 742058, at *3 (D. Minn. March 4, 2004), or under Minnesota common law, *see* Minn. Stat. § 3.736, sub. 2 (providing that, absent other applicable statutory authority, tort claims "shall be brought . . . in the courts of the state); *Hoeffner v. Univ. of Minn.*, 948 F. Supp. 1380, 1392–93 (D. Minn. July 29, 1996) (recognizing same).

Defendants also do not mention that Hussein's official-capacity claims against Grove are not barred by the Eleventh Amendment insofar as they seek prospective injunctive relief. *See Andrus*, 197 F.3d at 955. Here, Hussein seeks, among other relief, an injunction "[p]ermanently enjoining defendants . . . to take all affirmative steps necessary to remedy the effects of unlawful discriminatory conducts and deprivation of rights under color of law described" in his Complaint. Compl. at Prayer for Relief ¶ c. The Eighth Circuit has held that a similarly broad request for "such other equitable relief as is just and proper," was "easily understood to include injunctive relief against [an official-capacity state actor], or his successor, if relief needs to be in that form to be effective." *Andrus*, 197 F.3d at 956. Thus, Hussein has requested injunctive relief with sufficient clarity that the Eleventh Amendment does not bar his request for prospective injunctive relief against Grove, acting in his official capacity.

Accordingly, the Court possesses subject-matter jurisdiction over Hussein's Title VII claim against both Defendants and over his official-capacity claims against Grove

5

insofar as he seeks prospective injunctive relief. But Hussein's claims against DEED under §§ 1981 and 1983, and for defamation and intentional infliction of emotional distress are barred by the Eleventh Amendment, as are his official-capacity claims against Grove insofar as he seeks damages, and those claims must be dismissed for lack of subject-matter jurisdiction.

C

As for the remaining claims—the Title VII claim, the official-capacity claim for prospective injunctive relief, and the individual-capacity claims—those claims will be dismissed for failure to state a claim.[2] He has not pleaded facts suggesting any connection between conduct by Grove, personally, the denial of Hussein's application for unemployment benefits, and the actions of any third-party law-enforcement actors. He has made conclusory assertions, but alleged no facts, showing that the denial of his unemployment benefits was related in any way to his race, religion, ethnicity, or national origin. *See* Compl. ¶ 16; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring that a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable

---

[2] Defendants argue Hussein's individual-capacity claims against Grove are barred by qualified immunity. Mem. in. Supp. at 5. In determining whether Grove has qualified immunity, the Court asks: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). Courts, in their sound discretion, may consider the questions in either order, but a § 1983 plaintiff can defeat a claim of qualified immunity only if the answer to both questions is yes. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Because, as described above, Hussein has not plausibly pleaded any of his remaining claims—including his constitutional claims—the Court need not consider whether any right implicated by his Complaint was clearly established at the relevant time.

inference that the defendant is liable for the misconduct alleged" (citation omitted)). His Title VII claim, his official-capacity claim for prospective-injunctive relief, and his individual-capacity claims therefore must be dismissed under Rule 12(b)(6).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendants' motion to dismiss [ECF No. 5] is **GRANTED**;

2. Plaintiff's claims against the Department of Employment & Economic Development alleging violations of 42 U.S.C. §§ 1981 and 1983, and for defamation and intentional infliction of emotional distress, are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction;

3. Plaintiff's claims against Steve Grove in his official capacity alleging violations of 42 U.S.C. §§ 1981 and 1983, and for defamation and intentional infliction of emotional distress, are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction insofar as they seek damages and **DISMISSED WITH PREJUDICE** insofar as they seek prospective injunctive relief; and

4. Plaintiff's Title VII claim against the Department of Employment & Economic Development and Steve Grove in both his official and individual capacity, and

the remainder of Plaintiff's individual-capacity claims against Grove are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  October 7, 2019    s/ Eric C. Tostrud
                           Eric C. Tostrud
                           United States District Court